# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10256
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-177-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Lewis was convicted of one count of possession of a firearm by a convicted felon and one count of possession with intent to distribute cocaine base. He was sentenced to a total of 210 months of imprisonment and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10256

Lewis argues that the district court's application of U.S.S.G. § 4B1.1 was the result of judicial factfinding that violated the Fifth and Sixth Amendments. He asserts that the career-offender provision in effect establishes a mandatory minimum sentence and, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the facts supporting his career-offender status must be found by a jury beyond a reasonable doubt. We review his arguments de novo. *See United States v. Hernandez*, 633 F.3d 370, 373 (5th Cir. 2011).

In *Alleyne*, the Supreme Court concluded that any fact that increases a defendant's statutory minimum sentence must be found beyond a reasonable doubt by a jury. 133 S. Ct. at 2163. Here, neither offense of conviction exposed Lewis to a mandatory minimum sentence, *see* 18 U.S.C. § 924(a)(2); 21 U.S.C. § 841(b)(1)(C), and no statutory minimum was applicable because of the career-offender enhancement. The district court properly exercised its authority to find facts that affect the guidelines range and to exercise its sentencing discretion; thus, *Alleyne* is inapplicable. *See Alleyne*, 133 S. Ct. at 2163; *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014). Also, the status of Lewis as a career offender does not involve a finding other than the fact of a prior conviction and, therefore, the narrow exception set forth in *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998), applies. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005).

Lewis also argues that the district court erred in enhancing his sentence under § 4B1.1 because his Texas offense of possession with intent to deliver is not a controlled substance offense. He concedes that his argument is foreclosed by *United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007), but he argues that *Ford* was wrongly decided. We may not overrule the decision of a prior panel

2

No. 14-10256

in the absence of en banc decision or a superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

AFFIRMED.